UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARCUS DWANE COYLE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EQUIFAX CREDIT REPORTING,<br><br>　　　　　Defendant. | Case No.　0:23-cv-01218-SRN-DLM<br><br>**EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES** |

Equifax Information Services LLC ("Equifax"), incorrectly identified as Equifax Credit Reporting by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

## COMPLAINT ¶1:

Plaintiff is Marcus Dwane Coyle, 19503 Tamarack Pt., Maple Grove, Minnesota 55311, (612) 403-3286.

## ANSWER:

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

## COMPLAINT ¶2:

Defendant is Equifax Information, 1550 Peachtree St., NE, Gwinnett County, Atlanta, Georgia 30309.

**ANSWER:**

Equifax Information Services LLC admits that it maintains an address at 1550 Peachtree Street NW, Atlanta, Georgia 30309, and that it may be served through its registered agent, Corporation Service Company. Equifax Information is not a valid entity that exists. Equifax denies the remaining allegations in Paragraph 2 of the Complaint.

**COMPLAINT ¶3:**

The basis for federal court jurisdiction is Federal Question.

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the FCRA, a federal statute, but denies the remaining allegations in Paragraph 3 of the Complaint.

**COMPLAINT ¶4:**

Federal Question jurisdiction is violations under Federal Statute (FCRA).

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the FCRA, a federal statute, but denies the remaining allegations in Paragraph 4 of the Complaint.

**COMPLAINT ¶5:**

The basis for venue in the District of Minnesota is violation of the Fair Credit Reporting Act that falls under federal law.

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the FCRA, a federal statute, but denies the remaining allegations in Paragraph 5 of the Complaint.

**COMPLAINT ¶6:**

7(1)   Reporting false information on a Chapter 7 bankruptcy public record in which the file number was incorrect.  The date of the _____meeting was incorrect.  The Defendant was provided the correct file number.  Also, the correct date and time o the creditors meeting.  Refused to correct or delete the inaccurate information on June 31, 2022.  I was notified by the defendant that the public record was removed from the credit file.  On August 12, 2022 the defendant had reinserted the public record without 5 day notice to the consumer which violate (FCRA §611) 15 U.S.C. §168/I. The defendant were asked multiple times to provide reason for the reinserted. Each of those time they refused to provide any supporting reason or documentation. Also ailing to mark the file as disputed by consumer (FCRA) 623(a)(3) unable to get a auto loan due to this false reporting.

Request for relief is $75,000.

I would like for the Court to hold the defendant responsible for wrong doing and breaking the law.  The rule of law is clear. I also would like this Court used the defendant as examples to stop doing this to so many others consumers and myself.

1. Mental anguish
2. Economic damages
3. Statutory damages
4. Punitive damages
5. Removable of all accounts that's is reported as violation under the FCRA and inaccurate in its entirety from the credit report.

7(2)   On September 12, 2021 after receiving Equifax Credit Report I noticed that the defendant were reporting false and inaccurate credit reporting on Wells Fargo account.  I submitting a dispute with the defendant about the violation under

95071813v.2

the FCRA that the account was not included in bankruptcy. After multiple disputes the defendant kept responding that the account was verified using factual based information. The plaintiff provided Equifax a copy of the credit report asking the defendant to identify where the included in bankruptcy was located on the credit report. Equifax never did identify the missing information responded verified after continuing dispute. It became more clear that the defendant had refused to conduct a proper investigation to maximum possible accuracy. Parroting the creditor to keep the violated account on the report willful and reckless reporting after being notified. In or between April 14, 2023 and April 23, 2023 the plaintiff received notification via a credit monitoring service that the plaintiff pays for that a new Wells Fargo account was added to the credit file. The plaintiff immediately notified the credit in fear that some was opening up credit in my name. Wells Fargo contacted the plaintiff via phone and written Wells Fargo letter that it was in fact two accounts reporting on the plaintiff's credit report with a open dat of August 27, 2017 and the second account showing August 27, 2022. There should have not been any active disputes with Equifax on or around April 14, 2023, April 23, 2023 with defendant due to active litigation during that time. Equifax acted willful and reckless.

Also inproper use of consumer credit file.

7(3)   Associated healthcare account reporting on Equifax credit report with FCRA violations the defendant were notified and refused to remove or conducted a reasonable investigation.

    1.   The new account was not included in bankruptcy

    2.   Required notice of disputed not showing consumer disputed FCRA Section 623(A)(3)

    3.   Date of last activity missing then forged to a more recent date to make the account appear as it was a new account that was in delinquent in which the credit score to drop

    4.   Between April 30, 2023 and May 4, 2023 the defendant remove associated health care account from the credit file. Then reinserted the account back to the credit tile without notification to the consumer within 5 business days FCRA 611 and U.S.C. §168/I

    5.   Failure to provide reason for reinsertion

    6.   Account should have never been change on or disputed due to active litigation on around April 30, 2023 and May 4, 2023. Equifax had been

served properly and fully aware of the lawsuit in Henepin County Conciliation Court.

       7.     In proper use of the credit file by changing information that was not even disputed by the consumer at the time of changes

7(4)    Two discover accounts that was no included in bankruptcy. Equifax refused to fix or remove the account after being notified of the violations under the FCRA.

       1.     Failure to mark both accounts as disputed after the completion of the investigation which s required under the FCRA

       2.     Reaging both account. Date of last activity without cause of what changed the Dola. No payment or the bankruptcy were added therefore the date of last active should have never change to 5/2021

       3.     Incomplete payment history

       4.     Inproper use of a 3rd discover account that was never in question or disputed with Equifax in good stand paid in full while disputing discovers other accounts that was unlawful reporting. The defendant intentionally removed the account that was in good standing and never disputed.

       5.     Failure to respond to a disputed item within 30 day asking Equifax to provide me with a copy of any informating documents showing what dispute. Did they receive from me regarding the removal of the account no response cause of credit score to drop.

7(5)    On March 7th, 2022 Equifax were notified of inaccurate payment history on Mission Lane account. The credit report was showing the first late payment on January 2022 as 60 days there is no way that you could be 60 day late. Equifax claimed that account was verified as accurate. After two months changes were made repeatedly by Equifax. The report is still inconsistent on the payment history when cross-referencing Experian and TransUnion.

       2.     Failure to mark the account as disputed within 30 day of the completed investigation CRA 623(a)(3)

       3.     Failure to provide the method of verification when in question as to how the account was verification and verified Section 611(c)

7(6)    LVNV Funding LLC

95071813v.2

  1. The defendant were notified that the collection account were showing a past due balance.  No collection account should ever show a past due balance.

  1. Willfully and recklessly reporting false information after being notified on the inreferenced error.

 7(6) Merrick Bank payment history is inaccurate. With inconsistencies with Experian and TransUnion. The defendant claim Oct. 2021 unknown payment then changed to 30 days late. However, the other two bureaus are showing paid as agreed

  1. Willfully and recklessly reporting false information after being notified of errors

  2. Fail to conduct a proper investigation using factual base dispute

  3. Noticed of required dispute not marked as disputed

  4. Failure to provide the method of verification within 15 days

 7(8) Kashable LLC – Defendant were notified on incorrect payment history for July 2022 and Aug. 2022 and Sept. 2022 for each of those months the credit report were showing 30 days late. That is impossible.

  1. Willful and recklessly reporting false information after being notified of error

  2. Failure to conduct a proper investigation using factual based dispute

  3. Failure to provide the method of verification within 15 days

  4. The required notice of dispute was not entered as disputed

 7(9) Equifax was notified that Wings Financial Credit Union account was not reporting as included in bankruptcy on 1-5-2023. Equifax refused to correct or delete the account due to FCRA violation

  2. The account was never marked as disputed by consumer within 30 day of the investigation

  3. Date of last active was changed to make the account appear as a new adverse account which cause the credit score to go lower

4. Remove Wings Financial from the credit file readded the account without proper notification within 5 business days to th consumer nor with explanation. Information was found out by the credit monitoring service that the plaintiff pays for.

5. Willful reckless reporting keep from conducting a proper investigation

6. Improper use of the credit report at the time of the delection there should have never been an active investigation at that time

7. Making changes to the report during the active litigation and still willfully making changes currently.

**ANSWER:**

Equifax denies the allegations in this Paragraph, including all subparts, numbered paragraphs, and unnumbered paragraphs. Answering further, Plaintiff did not separately number each Paragraph and therefore this response is addressed to and in response to each sentence added to paragraph 7 and the separately attached unnumbered paragraphs.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

**FIRST DEFENSE**

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against it. Equifax is neither incorporated nor headquartered in Minnesota, and the conduct giving rise to Plaintiff's claim occurred outside of Minnesota and was not targeted at Minnesota.

## SECOND DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

## THIRD DEFENSE

Plaintiff's purported causes of action are barred in whole or in part by the doctrine of laches.

## FOURTH DEFENSE

Subject to proof through discovery, Plaintiff's purported causes of action are barred to the extent that Plaintiff has waived his right to assert the purported claims contained in the Complaint.

## FIFTH DEFENSE

Subject to proof through discovery, Plaintiff's causes of action are barred, in whole or in part, by the statute of limitations and/or statute of repose.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2) it be dismissed as a party to this action; and

95071813v.2

(3) it recover such other and additional relief as the Court deems just and appropriate.

DATED:  July 6, 2023

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ *Jeremy J. Thompson*
    Jeremy J. Thompson
    MN Bar No. 0402173
    The Law Office of Jeremy J. Thompson PLLC
    5200 Willson Road, Suite 150
    Edina, MN 55424
    Telephone:  (952) 952-1883
    Facsimile:   (952) 952-1884
    Email: jeremy@jthompson.law

    *Counsel for Defendant*
    *Equifax Information Services LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2023, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A copy has also been sent via U.S. Mail to the following:

>Marcus Dwane Coyle
>19503 Tamarack Pt
>Maple Grove, MN  55311

>*/s/ Jeremy J. Thompson*
>Jeremy J. Thompson
>*Counsel for Defendant*
>*Equifax Information Services LLC*

95071813v.2